Southern Pile Fabric Company Building Trust, South Carolina National Bank of Charleston, Trustee, v. Commissioner.
Southern Pile Fabric Co. Bldg. Trust v. Commissioner
Docket No. 4968.
United States Tax Court
1944 Tax Ct. Memo LEXIS 24; 3 T.C.M. (CCH) 1264; T.C.M. (RIA) 44390; November 30, 1944
*24 J. M. Wells, Esq., for the petitioner. F. L. Van Haaften, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent has determined that the petitioner is an association taxable as a corporation and that there are deficiencies in income tax and declared value excess profits tax for 1942 in the respective amounts of $3,255.01 and $1,640.29. Findings of Fact The Southern Pile Fabric Company Building Trust was established by mutual agreement in Greenville, South Carolina, on October 21, 1927. The South Carolina National Bank of Charleston, Trustee, maintains its principal office at 15 South Main Street, Greenville, South Carolina. On October 22, 1927, the South Carolina National Bank of Charleston, as party of the first part, and J. W. Norwood and others, as parties of the second part, entered into an agreement reciting that L. B. Houston, as trustee, held title to certain property; that the parties of the second part had agreed to purchase the said property and erect buildings thereon, and had contributed the sums of money hereinafter set forth for the purpose of purchasing the land and erecting the buildings; and that the South Carolina *25 National Bank of Charleston had been requested, and had consented, to act as trustee in the matter. It was agreed that L. B. Houston should convey the land to the trustee free of encumbrances; that the trustee should hold, control and manage the property, with full power to make contracts and agreements for such purposes, and that it should permit Brooks Brothers Company, a corporation, to occupy the said premises, under terms of a contract entered into between that corporation and the parties of the second part; that the trustee should have the power at any time within five years to convey the property to Brooks Brothers Company, its successors or assigns, upon the payment of moneys to be prescribed in a contract between the parties of the second part and Brooks Brothers Company; that the trustee should collect the rents and profits and apply the proceeds to the payment of taxes and to the payment of costs and expenses of maintenance and upkeep, including insurance premiums, repairs, replacements and improvements; that on or before the expiration of the five-year period, the trustee should sell and convey the property pursuant to the contract heretofore mentioned, and should distribute *26 the proceeds to the parties of the second part; and that the trust should thereby terminate. In the event of any vacancy in the office of trustee, a successor trustee or successor trustees were to be appointed by the Court of Common Pleas for Greenville County, and the trustees so appointed were to be vested with the same power and authority as the original trustee. It was provided that the trustee should issue to each cestius que trustent a certificate or certificates showing his interest, the said certificates to be transferable only on the books of the trustee. The first certificates were to be issued on the basis of the contributions made by the parties of the second part toward the purchase of the land and the erection of the buildings. It was provided that the trustee should distribute the net rents, profits or income in proportion to the interests of the holders of the trust certificates, as they appeared on the trustee's books, and that such distribution should be made semiannually. The parties of the second part to the above agreement and the amount contributed by each to the purchase of the land and the erection of the buildings were as follows: J. W. Norwood
$5,000
J. F. Gallivan
5,000
Gilfillin & Houston, a partnership com-
posed of E. A. Gilfillin and L. B. Hous-
ton
5,000
A. G. Furman
5,000
A. F. McKissick
5,000
Parrish & Gower, a partnership composed
of W. D. Parrish and T. G. Gower
2,500
W. L. Patton
2,000
J. W. Arrington
$1,000
E. A. Gilfillin
3,000
W. H. Houston
2,500
*27 On October 21, 1927, the day preceding the date of the execution of the agreement above described, L. B. Houston, as trustee, had executed his deed to the property involved to the South Carolina National Bank of Charleston, as trustee. According to the deed, the trustee was "to hold said lands, collect the rents and profits. and to sell said lands at such times and on such terms as it may deem advisable; and to distribute the net profits and income and proceeds of sale in accordance" with the agreement executed between the trustee and the parties of the second part in the agreement above. Under date of October 26, 1927, an agreement was entered into, with the beneficiaries of the above trust as parties of the first part, Brooks Brothers Company as party of the second part, and J. W. H. Brooks and Marshall A. Brooks as parties of the third part, wherein it was recited that the Brooks Brothers Company was desirous of locating a plant in or near Greenville, for the purpose of manufacturing various textile products; that the parties of the first part were willing, upon certain terms and conditions, to provide the said land and buildings, provided J. W. H. Brooks and Marshall A. Brooks, *28 parties of the third part, should guarantee compliance with the terms and conditions by the Brooks Brothers Company. The parties of the first part agreed to have the land covered by the documents previously described conveyed to the South Carolina National Bank of Charleston, as trustee, and that upon the said land they would cause to be erected forthwith buildings of designated specifications, at a cost not to exceed $31,000, any costs in excess of the $31,000 to be paid by Brooks Brothers Company, party of the second part. Brooks Brothers Company also covenanted and agreed that within five years from the date of the completion of the buildings it would purchase, for cash, from the trustee, the said property for $5,000, plus the cost of the buildings as paid by the parties of the first part. In the interval, Brooks Brothers Company also covenanted and agreed to pay to the trustee an annual rental equivalent to 11 percent on the value of the land as stated, $5,000, and the cost of the buildings, the said payments to be made semi-annually and to continue until the land and buildings should be conveyed to Brooks Brothers Company, as provided. The parties of the first part, during such *29 interval, were to cause the buildings to be insured and to keep them insured until the property should be conveyed to Brooks Brothers Company, the party of the second part. The parties of the first part also agreed to pay all taxes against the land and the buildings, until the said conveyance. J. W. H. Brooks and Marshall . Brooks, parties of the third part, agreed that they would be personally liable for compliance with the terms of the agreement by Brooks Brothers Company. In December 1932, the parties to the above agreement of October 26, 1927, executed a further agreement, extending the date within which Brooks Brothers Company should complete its purchase of the above-described land and buildings for a period of three years from January 15, 1933. It was recited that Southern Pile Fabric Company, created under the laws of South Carolina, had succeeded to the rights and powers of Brooks Brothers Company under the contract of October 26, 1927, but that it was understood that the liability of Brooks Brothers Company should not be affected but should continue unimpaired. Under the extension agreement, the Southern Pile Fabric Company agreed to do and perform the things previously *30 required of Brooks Brothers Company. Under date of December 5, 1935, an agreement was entered into by the respective parties, extending the prior agreement for a further period of three years, or until January 15, 1939, and in December of 1938 the agreement was again extended for a period of three years, the final date for performance being fixed at January 15, 1942. After execution of the trust agreement of October 22, 1927, the trustee issued to each beneficiary certificates showing the interest of such beneficiary. The certificate specified the interest of each holder and that such holder was entitled to receive, "as and when distributed by the Trustee, proportionate part of the net income and net proceeds" of the Southern Pile Fabric Company Building Trust, and that by acceptance of the certificate the holder became bound by the terms of the trust agreement. It was recited that the interest and rights represented by the certificate were transferable only on the books of the trustee, by the holder in person, or by attorney, upon surrender of the certificate, properly endorsed. Under date of April 14, 1942, the South Carolina National Bank of Charleston, as trustee, "for and in *31 consideration of the sum of Thirty-six Thousand ($36,000.00) Dollars, to it in hand paid" by the grantees, "granted, bargained, sold and released * * * unto Brooks Brothers Company" the above-described property. During the period from the execution of the agreement with Brooks Brothers Company, under date of October 26, 1927, to the conveyance of the properties to Brooks Brothers Company, on April 14, 1942, the trustee collected the rents specified from Brooks Brothers Company semiannually, paid the necessary costs of insurance and the necessary taxes, and distributed the amounts received to the certificate-holders under the trust, in accordance with and pursuant to the terms of the trust instrument. The $36,000 paid by Brooks Brothers Company upon conveyance of the said properties by the trustee to it was received by the trustee under date of April 15, 1942, and was distributed by the trustee to the holders of the trust certificates, $19,500 on April 20, 1942; $12,000 on April 24, 1942; and $4,500 on April 28, 1942. From the balance in the hands of the trustee after the above distributions, trustee's fees and various taxes were paid up to and including January 28, 1944. The balance *32 in the hands of the trustee on September 8, 1944, was $629.42. For the year 1942, and for several years preceding, the Southern Pile Fabric Company Building Trust filed Federal corporation income tax returns. For the year 1942, it did not report any amount as gain from the sale of the above properties to Brooks Brothers Company. The respondent, in determining the deficiency herein, has determined that gain was realized by the petitioner in 1942, on the said sale, in the amount of $12,593.75. The gain represented the difference between the $36,000 received and the cost of the land and the buildings, less depreciation on the buildings to April 1942. Opinion It is the contention of the petitioner, first that it is not an association taxable as a corporation within the meaning of section 3797(a)(3) of the Internal Revenue Code, and, second, that if it is an association taxable as a corporation within the meaning of the provisions of the statute, it realized no taxable gain in 1942, by reason of any sale of the land and buildings above described to brooks Brothers Company. The facts show that the petitioner was not a business operating trust. From its inception, it was planned to hold *33 as trustee the title to the land and buildings during the interval from the completion of the buildings until the time when Brooks Brothers Company executed its contract to purchase the said land and buildings. During that interval, it was to receive the rentals prescribed, to pay the insurance costs, the taxes and any expense for necessary repairs, and, after deducting the trustee's fees, to distribute the amounts on hand to the holders of the trust certificates in proportion to their holdings. The facts show that it did just that, and nothing else. There was no conduct of business in the ordinary sense of the word, and it was not contemplated by the parties that there should be any business operation, but that the trustee should act as the conduit through which the rentals should be received, the necessary insurance premiums, taxes and fees paid, and the remainder of the receipts distributed to the beneficiaries. The operation was not changed by reason of the fact that the time for the completion of the purchase was extended on three different occasions and the purchase actually completed approximately fifteen years after the execution of the original contract, instead of the five *34 years originally contemplated. It is our opinion and we conclude and hold that the Southern Pile Fabric Company Building Trust was not an association taxable as a corporation within the meaning of section 3797(a)(3), supra. Morrissey v. Commissioner, 296 U.S. 344, 80 L. Ed. 263, 56 S. Ct. 289. The petitioner not being an association taxable as a corporation, the respondent's determination of the deficiencies herein was error. Decision will be entered for the petitioner.